UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-5811-RAO Date: November 9, 2026
Title: Juan Rene Gonzalez Espinoza v. Warden, Adelanto ICE Processing Center

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

1. Introduction

Petitioner, currently in immigration custody and proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 1, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on October 8, 2026. Dkt. No. 10 ("Ans."). Petitioner filed a Reply on October 14, 2026. Dkt. No. 15.

2. Factual Background

Petitioner, a citizen of El Salvador, has been held in custody at Adelanto ICE Processing Center since February 18, 2025. Petitioner entered the United States lawfully in July 2015 on a tourist visa. He worked in architectural drafting and planning, paid his taxes, and participated in church and his community. He has no criminal history in this country. According to Petitioner's Form I-213, the U.S. Department of State was notified by the country of El Salvador of a request for revocation of Petitioner's visa based on a criminal court in San Salvador notifying the United States that Petitioner has been charged with aggravated sexual assault against a minor.

As of the date of this Order, Petitioner has received two immigration bond hearings – one on March 18, 2025, and a second on August 21, 2025. Both times the immigration judge found Petitioner to be a danger and flight risk and denied bond.

At the first hearing, the immigration judge assigned the burden of proof to Petitioner – requiring him to show that he is neither a danger nor a flight risk. At the second hearing, the immigration judge assigned the burden to the government. Petitioner was represented by counsel at both hearings; he did not appeal either adverse ruling to the Board of Immigration Appeal.

3. <u>Discussion</u>

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The Petition alleges constitutional error in the bond hearings (count one), a due process violation in the denial of pre-deprivation of process (count two), the immigration judge abused his discretion in the first bond determination (count three), the immigration judge's second hearing was constitutionally inadequate (count four), continued detention no longer bears a legitimate civil purpose (count five), and prolonged detention violates due process (count six).

*a. Due Process Claim – No Pre-Deprivation Process (count two)*

Regarding Petitioner's procedural due process claim, Petitioner argues his detention without a pre-detention hearing violates the Fifth Amendment. Due process, which extends to noncitizens present in the United States, prohibits deprivation of liberty without affording notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). A noncitizen who has previously been detained and then released on supervision and complies with the conditions of release has a constitutionally protected interest that may require a pre-deprivation hearing before being re-detained. *See, e.g., Singh v. Semaia*, 2026 WL 2281009 (C.D. Cal. Aug. 4, 2026).

Due process claims are analyzed using a two-step framework: first, determine whether an individual has a protected liberty interest; second, examine what

procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Because Petitioner has some liberty interest in remaining out of custody, the Court considers the *Mathews* factors. Regarding the first factor, Petitioner's liberty interest is limited. While he has lived in this country for more than 10 years, it appears that immigration authorities have not evaluated whether he is a danger to the community or a flight risk. Under 8 U.S.C. § 1226(a), which governs Petitioner's detention, the government has the authority to arrest and detain noncitizens pending removal proceedings. Because this is Petitioner's first detention (not a re-detention), the Court finds Petitioner is situated differently from noncitizens who have been detained and then released on conditions of supervision.

As to the next *Mathews* factor, because Petitioner has not been assessed for danger or flight risk, providing him with a post-detention hearing—rather than a pre-detention hearing—would pose only a low or moderate risk of erroneous deprivation of liberty. *See Rodriguez Diaz*, 53 F.4th at 1209-10 (finding small risk of erroneous deprivation where detention is under Section 1226(a) which provides procedural safeguards); *see also Singh v. Bowen et al.*, 2026 WL 2970609, at *3 (C.D. Cal. Oct. 2, 2026).

Third, the government has a significant interest in enforcing the immigration laws and, in furtherance of that interest, in preventing noncitizens from remaining in this country illegally. *See Rodriguez Diaz*, 53 F.4th at 1208 (citing *Demore v. Kim*, 538 U.S. 510, 515, 528 (2003)). Where the government has had no opportunity to

assess whether a noncitizen is a danger or flight risk, the government's interest in detaining the person at least initially is significant. *Singh*, 2026 WL 2970609, at *3.

Having weighed the *Mathews* factors, the Court concludes that Petitioner was not entitled to pre-detention notice and a hearing.

*b. Bond Hearing Claims (counts one, three, four)*

As to Petitioner's claims that his due process rights were violated because the immigration court incorrectly placed the burden of proof on him during the March 18, 2025 hearing, the Court agrees.

In general, courts do not have jurisdiction to review discretionary bond decisions. *See* 8 U.S.C. § 1226(e); *Villa v. Mullin*, 834 F.Supp.3d 957, 961 (C.D. Cal. 2026). In the limited instances in which federal courts may entertain constitutional challenges to an immigration judge's detention determination, the habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). "[A]buse of discretion" review does not involve reweighing the evidence but rather determining whether the immigration court "applied the correct legal standard." *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).

Here, the government should have shouldered the burden to prove by clear and convincing evidence that Petitioner is a danger to the community and a flight risk. *See Martinez*, 124 F.4th at 785. Because the burden was incorrectly placed on Petitioner, the Court finds the error an abuse of discretion and a due process violation. *See, e.g., Aslan v. Semaia*, 2026 WL 172902, at *5 (C.D. Cal. Jun. 11, 2026); *Zhao v. Janecha*, 2026 WL 2666865, at *3 (C.D. Cal. Sept. 9, 2026) (noting that district courts review immigration judge's bond decision for abuse of discretion and finding discretion abused where burden of proof was wrongly placed on petition and immigration judge's findings regarding dangerousness were opaque and conclusory).

On the facts here, the Court ordinarily would have fashioned a remedy of a new bond hearing. However, Petitioner has already had a second bond hearing. Accordingly, the Court examines whether the August 21, 2025 hearing passes muster.

The Court finds that Petitioner has failed to demonstrate that the immigration judge abused his discretion in finding him to be a danger and flight risk. The immigration judge correctly applied the burden of proof on Respondents and references several facts in support of the bond denial. Although other facts may support a different outcome, this Court may not reweigh the evidence. *Martinez*, 124 F.4th at 785; *see also Guzman Barron v. Mullin*, 2026 WL 2297902, at *1 (C.D. Cal. Aug. 9, 2026).

In sum, the Court concludes that the Petition's claims regarding the bond hearings do not warrant relief.

*c. Continued or Prolonged Detention (counts five and six)*

Turning to Petitioner's last two claims, which the Court construes as a prolonged immigration detention in violation of due process claim, the Court declines to find on these facts that Petitioner's detention has become unreasonably prolonged. *See Rodriguez Diaz*, 53 F.4th at 1213-14. As already discussed, the Court finds that Petitioner was entitled to post-detention (as opposed to pre-detention) notice and a hearing. While the first bond hearing provided Petitioner improperly placed the burden of proof on Petitioner, the second one did not. However, because more than six months has passed since Petitioner's last bond hearing, the Court finds that Petitioner is entitled to another *Rodriguez* hearing. *Rodriguez v. Robbins*, 804 F.3d 1060, 1085 (9th Cir. 2015), and orders that Respondents provide him with another such bond hearing.

4. <u>Conclusion</u>

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Petition. The Court ORDERS Respondents to provide Petitioner with a *Rodriguez* hearing within seven (7) days of this Order. Respondents shall have the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-5811-RAO | Date: | November 9, 2026 |
| Title: | Juan Rene Gonzalez Espinoza v. Warden, Adelanto ICE Processing Center | | |

burden of showing at the hearing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk.

**IT IS SO ORDERED.**